IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **ROBERT KEITH MILLER,** | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | * Civil Action No: 1:24-cv-58 |
| | * |
| **CITY OF CHICKASAW, ALABAMA** | * |
| and | * |
| **BARRY BROADHEAD, in his individual** | * |
| **and official capacity as Mayor of the** | * |
| **City of Chickasaw.** | * |
| | * |
| Defendants. | * |

**COMPLAINT**

**I.    INTRODUCTION**

1. This is an action for legal and equitable relief to redress violations of law against Plaintiff. The first claim arises under Plaintiff's employment contract breached by the City and Mayor when it intentionally ignored the terms and terminated Plaintiff without just cause. Plaintiff seeks all damages available including, but not limited to, equitable and legal damages. Plaintiff, who enjoyed a property interest in his employment, also brings a second claim for violation of his due process rights under 42 U.S.C. § 1983. Under AL CODE § 11-43-230(b), municipalities must provide certain due process for employees prior to imposing disciplinary action. The City failed and/or refused Plaintiff any effective due process in violation of this section. Finally, Plaintiff brings claims solely against Defendant Barry Broadhead, in his official capacity as Mayor of the City of Chickasaw, Alabama, and in his individual capacity, under 42 U.S.C. § 1981 through § 1983. Under this claim, requests prospective injunctive relief, compensatory damages, other equitable relief, lost wages, punitive damages, attorneys' fees (pursuant to 42 U.S.C. § 1988), litigation expenses, costs,

and any other relief, legal and/or equitable to which he is entitled.

## II. JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343, and 2201. Jurisdiction over the state law claims is proper under the theory of pendant jurisdiction.

3. As a substantial part of the acts or omissions made the basis of this suit occurred in Mobile County, Alabama, and in this judicial district, venue is proper in this Court under 28 U.S.C. 1391.

4. Plaintiff has fulfilled all conditions precedent to the institution of this action including timely notification to the City of his claims.

## III. PARTIES

5. Plaintiff, Robert Keith Miller (hereinafter "Miller"), was, at all times pertinent to the facts underlying this lawsuit, was a resident of the State of Alabama and is over the age of 19 years.

6. Defendant, City of Chickasaw, Alabama (hereinafter "Chickasaw" or "City") is a municipal corporation, as defined by the Alabama Code, and has a population of over 5,000 citizens.

7. Defendant, Mayor Barry Broadhead (hereinafter "Broadhead"), in his official capacity, is the chief executive of the City of Chickasaw, Alabama.

8. Defendants may be served through their attorney, Nash Campbell, member of Adams and Reese, LLP, 11 North Water Street, Suite 23200, Mobile, Alabama, 36602, 251-432-3234, Nash.Campbell@arlaw.com, who has been informed that Plaintiff filed a Waiver of the Service of Summons with this Complaint.

## IV. FACTUAL ALLEGATIONS

9. Miller began his employment with Chickasaw on or about February 26, 2022, when

he entered into a three year employment contract with the City, as Public Safety Director. He reported directly to Broadhead, who had been elected mayor in 2020 and began serving his first term in early 2021.

10. Among other things, the contract states: "Except as provided for in Section 3.01 hereinabove, the CITY shall not terminate this Contract without just cause at any time." Section 3.01, regarding performance, states: "The SERVICES shall be undertaken in such sequence as to assure the proper and expedient achievement of the objectives of this Contract for the period of time state (sic) herein." The only part of the contract that can reasonably be said to state its objectives is found in the initial recitations which states:

> WHEREAS, the purpose of this Contract is the following:
>
> A)  The PUBLIC SAFETY DIRECTOR will also be known as the CHIEF LAW ENFORCEMENT EXECUTIVE and shall act as the Public Safety Director of the CITY Police and Fire Department and shall administer the Department rules and regulations as established by:
>
> 1)  The charter of the CITY;
>
> 2)  The general laws of the State of Alabama;
>
> 3)  The MAYOR and COUNCIL;
>
> 4)  All laws, rules and regulations covering the Police and Fire Department;
>
> 5)  The Mobile County Personnel Board Rules and Regulations.

Miller violated none of these purposes or otherwise ran afoul of any established "objectives."

11. Additionally, Miller's employment contract called for yearly meetings with the mayor "no later than February 1st . . . to discuss his performance." This was never done. In fact, it was never done at any point. During his employment, Miller received no criticism of his work performance. To the contrary, by all objective accounts Miller's employment was a success as he received compliments on his achievements from the citizens of Chickasaw, the mayor, and members of the city council.

12. After only 18 months of employment, on July 10, 2023, Miller was served with a letter with the subject matter being "Notice of Termination Hearing." The hearing was scheduled the following day at the city council's regularly scheduled meeting with the disciplinary matter taking place during executive session. There were no substantive witnesses present for the City nor was Miller given the privilege of having his own witnesses present. The hearing consisted of the mayor reciting the spurious allegations of wrongdoing against Miller. The allegations were largely, if not entirely, made by Michelle Ross, the City Clerk of Chickasaw at the time, or her subordinate. Neither Ross nor her assistant attended the hearing or were otherwise available to be cross-examined or questioned.

13. Immediately after the hearing, the mayor and council deliberated. Thereafter, the mayor and council, appearing in the public meeting, voted to terminate Miller. Attending council members and the mayor voted. The vote count was three council members and the mayor voting to terminate and one council member voting not to terminate. One council member was not present.

14. The termination of Miller was instigated by Broadhead, managed by Broadhead, and advocated by Broadhead, and would not have occurred except for his actions including but not limited to placing the matter on the city council's agenda and lobbying the council to terminate

Miller irrespective of the evidence or lack thereof. Broadhead's actions in the termination of Miller were done within his discretionary duties as Mayor of the City of Chickasaw, Alabama and were "under color of state law." Broadhead acted on his own discretionary authority or, pursuant to that same authority as Mayor, caused the action which resulted in Miller's termination.

15. In addition to the contractual terms violated by the City and Mayor, state law due process was also violated. Municipalities are required to "establish due process procedures applicable to the predisciplinary hearing. (AL CODE § 11-43-230(b)) This was never done. The letter issued to Miller – Notice of Termination Hearing – was required to inform Miller that he had 10 days to request a hearing. (*Id.*) This was not done. The hearing, whether the one actually held or the hearing that could have been requested by Miller, required "an impartial officer or body with the authority to suspend or terminate" Miller. (AL CODE § 11-43-230©) This was not done. Given Broadhead's involvement in Miller's termination, he could not be anything less than an advocate for the termination with not a shred of impartiality.

## V. CAUSES OF ACTION

### A. BREACH OF CONTRACT

16. Plaintiff re-alleges and repleads the above and incorporates by reference paragraphs 1 through 15 above with the same force and effect as if fully set out in specific detail herein below.

18. Plaintiff brings this action against Defendant City of Chickasaw for breach of contract.

19. Plaintiff and Defendant had a valid contractual relationship. Plaintiff, at all times, performed all duties required of him under the contract. The City failed to perform as it promised to do under the contract. Plaintiff suffered damages due to Defendant's breach including, but not

limited to, his loss of employment, income, benefits, and other accouterments of employment.

### B.   42 U.S.C. §§ 1981 THROUGH 1983

#### 1.   *Monell* Liability

20.   Plaintiff re-alleges and repleads the above and incorporates by reference paragraphs 1 through 19 above with the same force and effect as if fully set out in specific detail herein below.

21.   City of Chickasaw is an incorporated municipality within the State of Alabama. Broadhead, as Chickasaw's mayor, is the final authority and/or decision-maker for many decisions or has such authority to cause the decisions made by others including, in this instance, the decision to terminate Miller.  The decision to terminate Miller was in violation of Miller's due process rights and of clearly established Constitutional and federal statutory law prohibiting the taking of property and/or liberty without adequate due process  Broadhead was aware of the clearly established law but violated it willfully, intentionally, and unreasonably without regard to Miller's rights.

22.   As a direct and proximate result of the Defendant's unreasonable and unlawful actions, Plaintiff has suffered and continues to suffer substantial past and future damages, both compensatory and general including, but not limited to, loss of income, emotional distress, mental anguish, embarrassment, humiliation.

23.   Defendant, pursuant to *Monell v. Department of Social Services of New York*, 36 U.S. 658 (1978), is liable for the harms and losses sustained by Plaintiff.

#### 2.   Individual Liability

24.   Plaintiff re-alleges and repleads the above and incorporates by reference paragraphs 1 through 23 above with the same force and effect as if fully set out in specific detail herein below.

24.   Plaintiff brings this action against Defendant Broadhead in his individual capacity as

Mayor of the City of Chickasaw, Alabama. At all times during the events recounted in this Complaint, Defendant was acting under color of state law. Broadhead's actions, whether his own or by direction to others, deprived Miller of his rights under the U.S. Constitution and under rights secured to him by the federal statutory laws both of which require adequate due process in the disciplinary process.

25. Plaintiff had a federal statutory and Constitutional right to adequate due process prior to the decision to terminate him. Defendant Broadhead's action in terminating Plaintiff, or having Plaintiff terminated, deprived Plaintiff of those rights.

26. As a direct and proximate result of the Defendant's unreasonable and unlawful actions, Plaintiff has suffered and continues to suffer substantial past and future damages, both compensatory and general including, but not limited to, loss of income, emotional distress, mental anguish, embarrassment, humiliation.

27. Defendant Broadhead is liable for the harms and losses suffered by Plaintiff.

B. **STATE OF ALABAMA DUE PROCESS**

28. Plaintiff re-alleges and repleads the above and incorporates by reference paragraphs 1 through 27 above with the same force and effect as if fully set out in specific detail herein below.

29. The Alabama Constitution and applicable case law guarantee public employees with a property right in their employment adequate due process prior to disciplinary action including, but not limited to, termination.

30. The City of Chickasaw, Alabama failed and/or refused to provide Plaintiff with the basic requirements of due process as set forth at AL CODE §§ 11-43-230 - 231.

31. Despite its failure to provide the required due process guaranteed by the State of

Alabama, Defendant City of Chickasaw, Alabama terminated Plaintiff.

32. As a direct and proximate result of the Defendant's unreasonable and unlawful actions, Plaintiff has suffered and continues to suffer substantial past and future damages, both compensatory and general including, but not limited to, loss of income, emotional distress, mental anguish, embarrassment, humiliation.

33. Defendant City is liable for the harms and losses suffered by Plaintiff.

## VI. PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

a. Grant the Plaintiff a declaratory judgment holding that the actions of the Defendants described herein violated and continue to violate the rights of Plaintiff as secured by state statutory and common law and 42 U.S.C. §§ 1981 - 1983;

b. Grant the Plaintiff a permanent injunction enjoining Defendants, their agents, successors, employees, attorneys, and those acting in concert with the Defendants and on Defendants' behalf from continuing to violate state statutory and common law and 42 U.S.C. §§ 1981-1983.

c. Issue an injunction ordering Defendant not to engage in its conduct that gave rise to this lawsuit and any other act which violated same.

d. Grant the Plaintiff an order requiring Defendants to make Plaintiff whole by instating him to the position he would have occupied in the absence of the violations of law, backpay, interest, front pay, compensatory damages, and/or nominal damages, injunctive relief, pension contributions, and any other relief to which he is entitled.

e. Grant the Plaintiff punitive and any other relief he is due based on those damages and equitable remedies due under state statutory and common law and 42 U.S.C. §§ 1981 - 1983.

f. Plaintiff further prays for such other relief and benefits as the cause of justice may require including, but not limited to, an award of costs, attorney's fees, expenses, and any other damages or equitable relief to which he is or may be entitled as proven in trial.

Respectfully submitted,

/s/    Edward L. D. Smith

_____
EDWARD L. D. SMITH (SMITE0296)
Attorney for Plaintiff
Post Office Box 1643
Mobile, Alabama 36633-1643
251-431-9000
edward@edwardsmithlaw.com

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL ISSUES TRIABLE BY A JURY.**

/s/    Edward L. D. Smith

_____
EDWARD L. D. SMITH