IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **ROBERT KEITH MILLER,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO.: 1:24-cv-0058-WS-N |
| | ) |
| **CITY OF CHICKASAW, AL, and** | ) |
| **BARRY BROADHEAD,** | ) |
| | ) |
| Defendants. | ) |

## ANSWER

Defendants City of Chickasaw and Barry Broadhead respond to the Complaint and set forth further, as follows:

**I.   INTRODUCTION**

1. Denied.

**II.   JURISDICTION AND VENUE**

2. Defendant admits that Plaintiff is attempting to invoke the jurisdiction of this Court through the referenced statutes. Any allegations of this paragraph not specifically admitted herein are hereby denied.

3. Admitted.

4. Defendants are without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

**III.   PARTIES**

5. Admitted.

6. Admitted.

7. Defendants admit that Barry Broadhead is currently the Mayor of the City of Chickasaw, Alabama. Any remaining allegations of this paragraph not specifically admitted herein are hereby denied.

8. Admitted for purposes of this Complaint.

## IV. FACTUAL ALLEGATIONS

9. Admitted.

10. Defendants admit that some of the language in this paragraph is language contained in the Employment Contract between the City and Miller. Defendants deny that Miller violated none of these purposes or objectives.

11. Denied.

12. Defendants admit that Miller was served with a letter on July 10, 2023, with the subject matter being "Notice of Termination Hearing" and that a pre-termination hearing was scheduled the next day. Any remaining allegations of this paragraph not specifically admitted herein are hereby denied.

13. Admitted.

14. Denied.

15. Denied.

## V. CAUSES OF ACTION

### A. BREACH OF CONTRACT

16. Defendants adopt their prior responses.

18. Defendants admit that Plaintiff is attempting to pursue a claim against Defendant City of Chickasaw for breach of contract. Any remaining allegations of this paragraph not specifically admitted herein are hereby denied.

19. Denied.

B. **42 U.S.C. §§ 1981 THROUGH 1983**

   1. *Monell* **Liability**

20. Defendants adopt their prior responses.

21. Defendants admit that the City of Chickasaw is an incorporated municipality within the State of Alabama and that Barry Broadhead is the current Mayor of the City of Chickasaw. Any remaining allegations of this paragraph not specifically admitted herein are hereby denied.

22. Denied.

23. Denied.

   2. **Individual Liability**

24. Defendants adopt their prior responses.

24. (sic) Denied.

25. Denied.

26. Denied.

27. Denied.

B. **STATE OF ALABAMA DUE PROCESS**

28. Defendants adopt their prior responses.

29. Defendants admit that public employees in Alabama have certain rights under the law. Any remaining allegations of this paragraph not specifically admitted herein are hereby denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

VI. **AS TO PRAYER FOR RELIEF**

Defendants deny the material allegations of the Complaint and in this Prayer for Relief and set forth further as follows:

    a. Denied.

    b. Denied.

    c. Denied.

    d. Denied.

    e. Denied.

    f. Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against these Defendants upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendant Broadhead asserts the defense of qualified immunity.

### THIRD AFFIRMATIVE DEFENSE

Defendants plead the general issue and contends that Plaintiff cannot establish a prima facie case under any theory of recovery.

### FOURTH AFFIRMATIVE DEFENSE

Defendants assert the defense of State immunity, State-agent immunity, sovereign immunity and immunity under Article 1, § 14 of the Alabama Constitution.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff does not possess any viable claim for wrongful termination under Alabama law.

**SIXTH AFFIRMATIVE DEFENSE**

Defendants assert that Plaintiff received all of the due process to which he was entitled.

**SEVENTH AFFIRMATIVE DEFENSE**

Defendants claim the protection of all statutory caps on damages.

**EIGHTH AFFIRMATIVE DEFENSE**

Defendants claim the benefit of all statutes and the common law conferring immunity or protection to governmental entities and their employees.

**NINTH AFFIRMATIVE DEFENSE**

Defendants assert that Plaintiff is barred from recovery under the doctrine of unclean hands.

**TENTH AFFIRMATIVE DEFENSE**

Defendants assert that Plaintiff waived any claim of bias on the part of Defendant Broadhead.

**ELEVENTH AFFIRMATIVE DEFENSE**

Defendants assert the defense of estoppel.

**TWELFTH AFFIRMATIVE DEFENSE**

Defendants assert the defense of accord and satisfaction.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Defendants would have reached the same employment decision in the absence of the alleged violations of Plaintiff's due process rights, including, without limitation, any bias or improper motive.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendants assert the defense of contributory negligence.

## FIFTEENTH AFFIRMATIVE DEFENSE

Any claim or cause of action asserted against Defendants under state law is barred due to Plaintiff's failure to comply with the applicable statute of non-claims.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendants made good faith efforts to comply with applicable law.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Defendants assert the doctrine of intervening or superseding cause to the extent that acts of individuals known and unknown or conditions known or unknown may constitute acts or conditions of an independent character over whom Defendants had no duty or ability to control thereby constituting an independent cause resulting in injury to Plaintiff.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, based on the failure to mitigate damages.

## NINETEENTH AFFIRMATIVE DEFENSE

Defendants assert, in mitigation of damages, any wages, salary, income or other employment benefits received or to be received by Plaintiff since termination of his employment.

## TWENTIETH AFFIRMATIVE DEFENSE

Defendants plead the defense of lack of consideration or failure of consideration.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred based on the provision of adequate post-deprivation procedures.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred based on the failure to exhaust administrative remedies.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendants assert the defense of law enforcement immunity pursuant to *Alabama Code* §6-5-338.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Defendants assert the protections and benefits of *Alabama Code* §11-47-190.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Defendants assert the protections and benefits of *Alabama Code* §11-47-191.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Defendants assert the protections and benefits of *Alabama Code* §11-93-1, *et seq.*

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

An award of mental anguish damages in this case will violate the Defendants' due process and equal protection rights guaranteed by the United States Constitution and the Constitution of the State of Alabama because juries are not given any rules, standards, or guidelines upon which to rely in calculating mental anguish or emotional distress damage awards.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Defendants claim the benefit of all statutes limiting the liability of governmental entities and their employees or otherwise limiting the collection of judgments against governmental entities and their employees under Alabama law.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, estoppel, res judicata, collateral estoppel, judicial estoppel, mistake, mutual mistake, ratification, consent and acquiescence.

## THIRTIETH AFFIRMATIVE DEFENSE

Defendants assert that the sole proximate cause of Plaintiff's alleged injuries are events, conditions, physiology and reactions which could not have been reasonably anticipated in the exercise of reasonable care applicable to these Defendants, and as such, these Defendants can have no liability whatsoever for the claims asserted in the Complaint.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Any award of punitive damage in this case would be unconstitutional in that it would violate both state and federal constitutional provisions.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

The imposition of punitive damages, without sufficient guidelines as to the proper circumstances for such an award or for the amount of such an award, would violate the due process guarantees of the federal and state constitutions.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages violates the Fifth and Fourteenth Amendments of the United States Constitution on the following grounds:

(a)     It is a violation of the due process and equal protection clauses of the Fourteenth Amendment to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b) The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing which infringes the due process and equal protection clauses;

(c) The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award which thereby violates the due process clause;

(d) The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of an award of punitive damages which thereby violates the due process clause;

(e) The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts, and therefore violate the equal protections clause;

(f) The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine or penalty for the same or similar conduct which thereby infringes the due process clause and the equal protection clause;

(g) The procedures pursuant to which punitive damages are awarded are unconstitutionally vague; and,

(h) The award of punitive damages in this action would constitute a deprivation of property without due process of law as required by the Fifth and Fourteenth Amendments to the United States Constitution.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages violates the due process provisions of the Constitution of Alabama on the following grounds:

(a) It is a violation of the due process clause to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b) The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award;

(€) The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

(d) The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of such an award;

(€) The award of punitive damages in this case would constitute a deprivation of property without due process of law;

(f) The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing;

(g) The procedures pursuant to which punitive damages are awarded may result in the imposition of different penalties for the same or similar acts; and

(h) The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine or penalty for the same or similar conduct.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

Defendants assert the defense of absolute immunity.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

Defendants assert the defense of legislative or quasi-legislative immunity.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Defendants plead all other affirmative defenses in bar or abatement of the claims asserted against them in the Complaint.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Defendants reserve the right to plead additional affirmative defenses as may be ascertained through the course of discovery in this case.

/s/ Thomas O. Gaillard, III
THOMAS O. GAILLARD, III
*Attorney for Defendants City of Chickasaw and Mayor Barry Broadhead*

**OF COUNSEL:**
HELMSING, LEACH, HERLONG,
 NEWMAN & ROUSE, P.C.
Post Office Box 2767
Mobile, AL 36652
(251) 432-5521
E-Mail: TOG@helmsinglaw.com

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this the 29th day of April 2024, electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system which will send electronic notification of such filing to all counsel of record as follows:

Edward L. D. Smith, Esquire (*edward@edwardsmithlaw.com*)
Post Office Box 1643
Mobile, AL 36633-1643
***Attorney for Plaintiff***

/s/ Thomas O. Gaillard, III
OF COUNSEL